IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01536-PAB-SKC

ANDREW BAUER,
MEGAN DOUGHERTY,
MARK ENDOZO,
SPENCER ZAHN,
KEATON KUSTLER-KLEIN, and
JUSTIN ROBERTS

    Plaintiffs,

v.

CRETE CARRIERS CORPORATION, a Nebraska corporation, and
MARLIN HARMS,

    Defendants.

---

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    This matter comes before the Court on defendants' Motion to Bifurcate Damages Phase from Liability Phase [Docket No. 56], wherein defendants request that the Court bifurcate the trial into liability and damages phases. In their response, plaintiffs state that the parties stipulate to bifurcation, but disagree over whether plaintiffs should be permitted to present minimal evidence of their injuries during the liability phase. Docket No. 63 at 1.

    Upon review of the parties' briefing, the Court finds three issues that require further clarification by the parties. First, although the parties have stipulated to bifurcating liability and damages, *see* Docket No. 63 at 1; Docket No. 66 at 1, it is not clear they hold the same view regarding the specific issues that will be addressed in each phase. *Compare* Docket No. 63 at 3 (arguing that "liability cannot be determined without some evidence of Plaintiffs' damages" because plaintiffs must demonstrate both causation and damages to succeed on their negligence claim), *with* Docket No. 66 at 3-4 (explaining that "bifurcation of liability and damages means that in the liability phase the issue of whether Defendants were negligent . . . [will be] decided," whereas the issues of causation and injury will be addressed during the damages phase). Second, with the exception of plaintiff Bauer, plaintiffs indicate that they are willing to stipulate to their injuries for purposes of the liability phase of trial. Docket No. 63 at 4 n.2. However, it is not clear whether defendants agree to such a stipulation, *see* Docket No. 66 at 2 (noting that "Plaintiffs have presented no proposed stipulation as to

their injuries" and expressing confusion over effect of stipulation), or whether a stipulation would obviate the need for plaintiffs to present evidence of their injuries to establish liability or provide a foundation for accident reconstruction testimony during the liability phase of trial.  *See* Docket No. 63 at 3 (arguing that minimal evidence of plaintiffs' injuries is necessary to provide a basis for the testimony of the parties' liability experts and to demonstrate defendant Harms' fault).  Finally, plaintiffs do not state whether their stipulation to bifurcate the trial is contingent on their ability to present evidence regarding damages during the liability phase.  *See* Docket No. 63 at 3-4 (indicating that plaintiffs would suffer prejudice if they are not permitted to present evidence of their injuries during the liability phase).  Wherefore, it is

**ORDERED** that, within seven days of this order, the parties shall file a joint supplemental brief, not to exceed seven pages, addressing: (1) the specific issues that will be addressed in the liability and damages phases of trial, assuming the Court grants the parties' request for bifurcation; (2) the degree to which the parties are willing to stipulate to plaintiffs' injuries for purposes of the liability phase; (3) the effect, if any, that a stipulation will have on plaintiffs' need to present evidence of their injuries during the liability phase; and (4) whether plaintiffs' stipulation to bifurcate the trial is contingent on their ability to present evidence regarding their injuries during the liability phase.  To the extent the parties disagree on a particular issue, they should clearly identify the point of disagreement and their respective positions.

DATED March 5, 2019.