IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01536-PAB-SKC

ANDREW BAUER,
MEGAN DOUGHERTY,
MARK ENDOZO,
SPENCER ZAHN,
KEATON KUSTLER-KLEIN, and
JUSTIN ROBERTS,

    Plaintiffs,

v.

CRETE CARRIERS CORPORATION, a Nebraska corporation, and
MARLIN HARMS,

    Defendants.

---

## ORDER

---

This matter is before the Court on defendants' Motion to Bifurcate Damages Phase From Liability Phase [Docket No. 56]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

This case arises out of a vehicle collision that occurred on April 17, 2015 in Aurora, Colorado. *See* Docket No. 4 at 4, ¶¶ 15-21. Plaintiffs – members of the band Twin Shadow – allege that they were traveling to an event in Lawrence, Kansas when their tour bus collided with a tractor trailer driven by defendant Marlin Harms and owned by defendant Crete Carriers Corporation. *Id.* Plaintiffs filed this lawsuit in the District Court for the City and County of Denver, Colorado on April 3, 2018, asserting claims for negligence, negligence per se, vicarious liability, and respondeat superior. Docket No.

4. On June 19, 2018, defendants removed the case to this Court on the basis of diversity jurisdiction. Docket No. 1 at 1, ¶ 1. On December 20, 2018, defendants moved to bifurcate the trial into a liability phase and a damages phase. Docket No. 56. Plaintiffs filed a response to the motion on January 17, 2019, agreeing to bifurcation, but asserting that they should be allowed to present minimal evidence of their injuries during the liability phase. Docket No. 63. Defendants filed a reply on January 31, 2019 in which they opposed the presentation of any damages evidence during the liability phase on the ground that it would "defeat[] the entire purpose of bifurcation." Docket No. 66 at 2.

On March 5, 2019, the Court ordered the parties to file a joint supplemental brief clarifying the specific issues that would be addressed in each phase of trial, the degree to which the parties were willing to stipulate to plaintiffs' injuries during the liability phase, the effect, if any, of that stipulation on the presentation of evidence, and whether plaintiffs' stipulation to bifurcate the trial was contingent on their ability to present evidence of their injuries during the liability phase. Docket No. 81 at 2. The parties filed their joint supplemental brief on March 12, 2019. Docket No. 88.[1]

Based on the briefing, the Court finds that the parties agree on the following issues: (1) bifurcating this case into a liability phase and a damages phase, *see* Docket No. 63 at 1 (stating that the parties "have stipulated to bifurcating liability and damages"); (2) the liability phase of trial will address liability only, whereas the damages

---

[1]On February 15, 2019, plaintiff Bauer filed an unopposed motion for a telephonic conference to discuss defendants' motion to bifurcate. Docket No. 70. Because the Court finds that it can resolve the issues presented in defendants' motion without a hearing, plaintiff's request for a telephonic conference will be denied.

phase will address both "causation" and damages, Docket No. 88 at 1; and (3) discovery and adjudication of the damages issue will occur only after a jury determines liability. Docket No. 66 at 1 (stipulating with plaintiffs that, "if liability is found after the liability phase of the trial, . . . a new scheduling conference will occur to schedule deadlines for damages discovery, damages disclosures and the scheduling of the second phase trial on damages"). The parties' disputes appear to be whether plaintiff Bauer should be permitted to testify regarding his alleged injuries in the liability phase and whether the Court should instruct the jury that the remaining plaintiffs were injured in the collision. *See* Docket No. 88 at 2-3.

As an initial matter, the Court agrees with the parties that bifurcating this case into liability and damages phases is appropriate. Federal Rule of Civil Procedure 42(b) allows a court to order separate trials on "one or more separate issues [or] claims" in a case "[f]or convenience, to avoid prejudice, or to expedite and economize." Courts have "broad discretion in deciding whether to sever issues for trial." *Rowland v. United States*, No. 14-cv-00883-KLM-MEH, 2015 WL 4943955, at *2 (D. Colo. Aug. 20, 2015) (quoting *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993)). Bifurcation is not an abuse of discretion where the interests of convenience, avoiding prejudice, and promoting expedition and economy "favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). In contrast, a court should not bifurcate a trial if it would be "unfair or prejudicial to a party." *Id.*

Here, the interests of convenience and judicial economy favor bifurcation. While

the liability issues appear to be relatively straightforward, resolution of plaintiffs' damages claims is likely to be both time-consuming and costly. Plaintiffs have identified at least seventy-eight medical treatment providers from around the country who may be called to testify regarding plaintiffs' injuries, Docket No. 56 at 10; Docket No. 56-2, and defendants estimate that at least ten days of a fifteen-day trial would be required on the issue of damages. Docket No. 56 at 7. Given that a finding of non-liability would obviate the need to address damages, bifurcation has the potential to promote the efficient and economical resolution of this case. *See Rowland*, 2015 WL 4943955, at *2 (holding that "bifurcation would serve the interests of convenience, expedience, and economization" where "27 witnesses . . . would not [be required] to testify if the case [was] bifurcated and liability [was] not found").

The Court also finds that the liability and damages issues are clearly separable. As the court noted in *Rowland*, the evidence necessary to prove liability in a negligence case is significantly different from the evidence used to establish damages. *See Rowland*, 2015 WL 4943955, at *2; *see also* Docket No. 56 at 10-11 (explaining types of evidence that will be presented in the liability and damages phases of trial). On the other hand, the Court disagrees with the parties that the issue of causation should be confined solely to the damages phase. *See* Docket No. 88 at 1 (stating that the damages phase of trial will address causation and damages). There are two causation questions in this case: (1) whether defendants' negligence was the cause of the collision; and (2) whether the collision was the cause of plaintiffs' injuries. The former question depends on what actually happened on the day of the accident and is thus appropriately resolved during the liability phase of trial. The latter question raises an

issue of medical causation and should be addressed in conjunction with damages.

Finally, bifurcation will not result in any prejudice to the parties. Although plaintiffs maintain that they should be permitted to present minimal evidence of their injuries during the liability phase, their agreement to bifurcate the trial is not contingent on their ability to present such evidence. Docket No. 88 at 3.

For the foregoing reasons, the Court will bifurcate the trial in this case into two phases. The first phase will address negligence and accident causation, as previously discussed. The second phase will address injury causation and damages.

The only remaining issue is whether plaintiffs should be allowed to present minimal evidence of their injuries during the liability phase of trial. The Court finds that they should not. As defendants argue, presentation of injury evidence during the liability phase would be highly prejudicial and would defeat the purposes of bifurcation. *See* Docket No. 88 at 2. Plaintiffs appear to believe that they must present some evidence regarding their injuries in order to establish liability. *See* Docket No. 63 at 3 (arguing that a negligence claim requires proof of a breach of duty, causation, and damages). However, the purpose of bifurcation is to defer resolution of issues that, though essential to the overall claim, are better addressed separately. Because plaintiffs will have a full and fair opportunity to prove their injuries during the damages phase of trial, there is no need for their proposed injury instruction during the liability phase. *See* Docket No. 88 at 2 (proposed jury instruction on plaintiffs' injuries).

Plaintiff Bauer requests that he be allowed to testify about his injuries during the liability phase so the jury will have some context for his behavior. Docket No. 63 at 4; Docket No. 88 at 2. The Court finds such testimony unnecessary. While plaintiff Bauer

5

has expressed valid concerns about how the jury might perceive his physical condition, a more appropriate remedy is for the Court to instruct the jury on the issue at the beginning of trial. The parties are encouraged to submit a joint instruction that would address plaintiff Bauer's concerns while avoiding prejudice to defendants.

Wherefore, it is

**ORDERED** that plaintiff's Unopposed Motion for Telephonic Conference [Docket No. 70] is **DENIED**. It is further

**ORDERED** that defendants' Motion to Bifurcate Damages Phase From Liability Phase [Docket No. 56] is **GRANTED** in part and **DENIED** in part as stated in this order. It is further

**ORDERED** that this case will be bifurcated. The first phase (the "liability phase") will address the issues of negligence and accident causation. The second phase (the "damages phase") will address the issues of injury causation and damages. It is further

**ORDERED** that any deadlines for damages-related discovery and a trial on damages will be set after a verdict is reached in the liability phase, if necessary.

DATED May 16, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge